**FILED**

**UNITED STATES DISTRICT COURT**
**FOR NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

APR 24 2026

THOMAS G. CRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DEJUAN KEA, and ESAIAS KEA )<br><br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LATIN SCHOOL OF CHICAGO, )<br>TRUSTEES OF LATIN SCHOOL, )<br>BLISS TOBIN, and THOMAS HAGERMAN )<br>)<br>Defendants ) | CIVIL ACTION NO.:<br><br>1:26-cv-04685<br>Judge Sharon Johnson Coleman<br>Magistrate Judge M. David Weisman<br>Random/Cat 2 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF THE ACTION**

This civil rights action arises from Defendants' systemic failures, serious mistreatment, child endangerment, unlawful enforcement of forged judicial court documents, and institutional failures. The Plaintiffs suffered deliberate interference with the constitutionally protected relationship between parent and child.

Defendants willfully participated as a key co-conspirator and accessory to multiple federal statutory violations that include conspiracy against rights, deprivation of rights under color of law, mail and wire fraud, and enforcement of unlawful forge judicial documents.

Despite repeated warnings from the Plaintiffs the Defendants conspired with multiple law firms to discriminate against the Plaintiffs. Defendants used forged judicial documents to cover up their unlawful actions. The Defendants actions led to child endangerment, denial of parental rights, a state investigation of child abuse without probable cause, mail and wire fraud through tuition billings and payments absent a signed contractual agreement from the Plaintiff DeJuan

1

Kea.

The Plaintiff DeJuan Kea raised concerns about the Defendants actions. In response the Defendants exercised actions of intimidation, deliberate invasion, and denial of basic rights. The Defendants actions occurred over the span of multiple years.

Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1985 and 1986, 18 U.S.C. §§ 241 and 242, as well as related claims under Illinois law. Defendants, acting individually and in concert, resulted in the denial of the Plaintiffs protected liberty interest and rights under the Constitution and laws of the United States.

As a result of the Defendants' conduct, Plaintiffs suffered emotional distress, psychological trauma, child endangerment, interference with parental rights, interference with due process rights, and educational disruption.

## PARTIES

1. Plaintiff, DeJuan Kea is a resident of Illinois and the father and natural guardian of Plaintiff Esaias Kea. He brings this claim on behalf of himself and his minor child.

2. Plaintiffs Esaias Kea is a minor child who was enrolled as a student at Latin School of Chicago during the events described in this Complaint.

3. Defendant, Latin School of Chicago a Illinois State Board of Education regulated educational institution located in Cook County, Illinois.

4. Defendant Trustees of Latin School of Chicago the governing body responsible for administration, policy, and oversight of the school.

5. Defendant Bliss Tobin was, at all relevant times, an employee and administrator of the Latin School of Chicago.

6. Defendant Thomas Hagerman was, at all relevant times, an employee and administrator of the Latin School of Chicago.

2

7.     Defendant Ryan Allen was, at all relevant times, an employee and administrator of the Latin School of Chicago.

8.     At all relevant times, each Defendant acted individually and in concert with the others.

## JURISDICTION AND VENUE

9.     This Court has subject-matter jurisdiction pursuant to **28 U.S.C. §§ 1331 and 1343** because this action arises under the Constitution and laws of the United States.

10.     This Court also has jurisdiction pursuant to **42 U.S.C. §§1985(3) and 1986** because Plaintiffs seek relief for violations of federal civil rights as protected by the Constitution and laws of the United States.

11.     This Court has supplemental jurisdiction over related state law claims pursuant to **28 U.S.C. §1367**.

12.     Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because the events giving rise to the claims occurred in Cook County, Illinois.

3

## FACTS

13. Plaintiff Esaias Kea enrolled as a student at the Latin School of Chicago in 2023.

14. At all relevant times, Esaias Kea was a minor child under legal authority and care of Plaintiff DeJuan Kea.

15. Latin School owed a duty of care to ensure the safety and welfare of students while on the school premises.

16. During the 2024 through 2026 school years, Defendants permitted individuals not authorized by Plaintiff DeJuan Kea to access school property and remove the minor child from school premises.

17. These removals occurred without the knowledge or consent of Plaintiff DeJuan Kea.

18. Plaintiff DeJuan Kea repeatedly notified school administrators that such conduct created a serious safety risk and violated school policy.

19. The school's Student-Family Handbook prohibits releasing students to individuals not authorized by a parent or guardian.

20. Despite these policies, Defendants allowed unauthorized individuals to remove the minor child.

21. Defendants also failed to maintain accurate visitor logs or documentation identifying the individuals who removed the child.

22. Defendants coordinated with an attorney in May of 2024, an alumnus of the Defendant, on the creation of a documents represented to be judicial orders affecting parental access to evade liability around the unauthorized third-party removal of Plaintiff Esaias Kea.

4

23. Defendants coordinated with a separate attorney in August of 2025 on the creation of a document represented to be a judicial order guarantying the reenrollment of Plaintiff Esaias Kea without Plaintiff DeJuan Kea consent and contract agreement.

24. Plaintiff Esaias Kea was one of three African American students in the entire grade level of students at the Defendants educational institution.

25. Defendants subsequently began sending Plaintiff DeJuan Kea invoices and bills electronically to seek tuition payments for Plaintiff Esaias Kea reenrollment.

26. Defendants actions cause financial harm and stress even though Plaintiff DeJuan Kea had no contractual agreement in place with the Defendant.

27. Defendants actions left Plaintiff DeJuan Kea helpless and stressed as his rights were abrogated.

28. Defendants coordinated for a third time with an attorney in January 2026 on the creation of a document represented to be a judicial order denying Plaintiff DeJuan Kea of any and all contact with Plaintiff Esaias Kea while on the Defendants property.

29. Plaintiff DeJuan Kea sought verification of theses purported judicial orders from the Cook County Circuit Court.

30. Plaintiff was informed that no court transcripts or official records existed for the three separate unlawful forged judicial orders.

31. Despite this information, Defendants continued to rely upon the purported documents to restrict Plaintiff's parental access.

32. Defendants prevented Plaintiff from attending school events involving his child.

33. Defendants banned communication between Plaintiff and his minor child during school hours, events, and activities.

5

34.     Defendants permitted a child welfare investigator to interview the minor child at school under the premise of child abuse without prior parental notice and consent from Plaintiff DeJuan Kea.

35.     Plaintiff Esaias Kea had zero signs or evidence of any child abuse.

36.     Defendants have no credible evidence of child abuse and no history of child abuse was ever communicated to the Defendant since Plaintiff Esaias Kea initial enrollment in 2023.

37.     The interview occurred without a parent present and without legal representation for the minor.

38.     On at least one occasion, Defendants delayed Plaintiff DeJuan Kea from retrieving his child from school.

39.     Defendants sequestered Plaintiff DeJuan Kea in a separate building interrogating the Plaintiff restricting his ability to retrieve his child.

40.     Plaintiffs allege that these actions caused emotional distress and psychological harm.

41.     During the fall semester of 2025, Defendants communicated concerns regarding the minor child's emotional well-being at school.

42.     Plaintiff requested meetings with school officials to address these concerns.

43.     According to Plaintiff, those meeting requests were denied or ignored.

44.     Plaintiffs allege that Defendants' conduct collectively interfered with the constitutionally protected parent-child relationship.

45.     Plaintiff DeJuan Kea denied the ability to properly support his child emotionally, socially, and mentally give the actions of the Defendants.

46.     Defendants bullied and intimidated Plaintiff DeJuan Kea inflicting emotional and

psychological damage.

47.     The Defendants repeated actions of intimidation, isolation, and denial of basic parental rights and due process occurred over multiple years created irreparable mental, emotional, and psychological trauma both Plaintiffs DeJuan Kea and Esaias Kea.

## PATTERN AND PRACTICE OF INSTITUTIONAL FAILURES

48.     Plaintiffs allege that the misconduct described herein resulted from systemic failures within Latin School of Chicago.

49.     Defendants failed to enforce established student safety policies regarding authorized student release.

50.     Defendants failed to adequately train and supervise employees responsible for enforcing student safety procedures.

51.     Defendants failed to maintain accurate visitor records identifying individuals who accessed school property.

52.     These failures created conditions under which unauthorized third parties were able to remove Plaintiff Esaias Kea, a minor student, from school premises.

53.     Plaintiffs allege that these failures reflect a pattern and practice of institutional negligence and disregard for student safety policies.

## INSTITUTIONAL LIABILITY

54.     The violations described in this Complaint were caused by the policies, customs, and practices of Defendant Latin School of Chicago.

55.     Latin School failed to implement adequate safeguards to ensure that Plaintiff Esaias Kea was released only to authorized individuals.

56.     Latin School failed to adequately train administrators and staff responsible for enforcing student safety policies.

7

57. Latin School failed to supervise employees tasked with protecting Plaintiff Esaias Kea welfare and enforcing parental access procedures.

58. These institutional failures were a moving force behind the violations of Plaintiffs' rights.

## DELIBERATE INDIFFERENCE

59. Defendants were repeatedly notified by Plaintiff DeJuan Kea that unauthorized individuals were removing his minor child from school property.

60. Defendants were repeatedly notified of their unlawful actions against Plaintiffs DeJuan Kea and Esaias Kea.

61. Despite this knowledge, Defendants failed to implement corrective measures.

62. Defendants' failure to act in the face of known risks constitutes deliberate indifference to the safety and rights of Plaintiffs.

## COUNT I
### Civil Rights Conspiracy
### 42 U.S.C. §§ 1985, 1986
### (All Defendants)

63. Plaintiffs incorporate all preceding paragraphs.

64. The relationship between parent and child is a constitutionally protected liberty interest under the Fourteenth Amendment.

65. Defendants interfered with Plaintiff DeJuan Kea's parental rights and access to his child.

66. Defendants institutionally targeted and retaliated against the Plaintiffs.

67. Defendants coordinated actions to isolate the child from the father.

68. Defendants actions were discriminatory against minority families.

69. As a direct result, Plaintiffs suffered damages including emotional distress and interference with family relations.

8

## COUNT II
### Conspiracy Against Rights - 18 U.S.C. § 241
### (All Defendants)

70. Plaintiffs incorporate all preceding paragraphs.

71. Defendants acted in concert with outside attorneys to interfere with Plaintiffs' constitutional rights by the creation of unlawful forged judicial orders.

72. Defendants coordinated actions that restricted the relationship between Plaintiff DeJuan Kea and his minor child.

73. Plaintiffs allege Defendants' conduct was motivated in part by discriminatory or retaliatory intent.

74. Defendants worked collectively to enforce unlawful forged judicial orders to prevent parental contact.

75. Defendants silenced and intimidated Plaintiff DeJuan Kea after concerns about the school's conduct.

76. Defendants participated in coordinated actions to deprive constitutional rights of the Plaintiff DeJuan Kea that includes parental rights, due process protections, and freedom of association with child.

77. Plaintiffs suffered damage as a result of the conspiracy.

## COUNT III
### Conspiracy Against Rights - 18 U.S.C. § 242
### (All Defendants)

78. Plaintiffs incorporate all preceding paragraphs.

79. Defendants allowed investigation of the minor without parental notice or representation.

80. Defendants sequestering Plaintiff at school and delaying the retrieving of the child by the father.

9

81. Defendants allowed third parties to remove the Plaintiff Esaias from school without authorized parent consent from Plaintiff DeJuan Kea.

82. Defendants prevented Plaintiff DeJuan Kea from attending school events involving his child.

83. Defendants denied Plaintiff access to his child by invoking unlawful forged judicial orders.

## COUNT IV
### Negligence (Illinois Law)
### (All Defendants)

84. Plaintiffs incorporate all preceding paragraphs.

85. Defendants owed a duty to exercise reasonable care in supervising students.

86. Defendants breached that duty by allowing unauthorized individuals to remove the minor child from school premises.

87. Defendants further breached their duty by failing to maintain adequate safety procedures and records.

88. As a direct result, Plaintiffs suffered damages.

## COUNT V
### Negligent Supervision (Illinois Law)
### (All Defendants)

89. Plaintiffs incorporate all preceding paragraphs.

90. Defendants had a duty to supervise employees and enforce student safety policies.

91. Defendants failed to properly supervise and train staff responsible for student release procedures.

92. This failure allowed unauthorized individuals to remove the minor child.

93. Plaintiffs suffered damages as a result.

10

## COUNT VI
### Intentional Infliction of Emotional Distress (Illinois Law)
### (All Defendants)

94. Plaintiffs incorporate all preceding paragraphs.

95. Defendants engaged in extreme and outrageous conduct.

96. Defendants knew or should have known their conduct would cause severe emotional distress.

97. Plaintiffs suffered severe emotional distress.

## COUNT VII
### Breach of Contract (Illinois Law)
### (All Defendants)

98. Plaintiffs incorporate all preceding paragraphs.

99. Enrollment at Latin School created contractual obligations including adherence to school safety policies contained in the Student-Family Handbook.

100. Defendants breached those obligations by failing to follow their own student release and safety procedures.

101. Plaintiffs suffered damages as a result of this breach.

## COUNT VIII
### False Imprisonment (Illinois Law)
### (All Defendants)

102. Plaintiffs incorporate all preceding paragraphs.

103. Defendants intentionally delayed or restricted Plaintiff DeJuan Kea from retrieving his minor child.

104. These actions unlawfully interfered with Plaintiffs' liberty interests.

105. Plaintiffs suffered damages as a result.

## DAMAGES

106. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered emotional distress, interference with parental rights, psychological harm, and educational

disruption.

107. Plaintiffs seek compensatory damages in an amount to be determined at trail but not less than One Hundred Fifty Million Dollars ($150,000,000).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter a judgement in their favor and against Defendants and award:

A. Compensatory damages;

B. Punitive damages where permitted by law;

C. Costs of suit and fees as allowed by law;

D. Such further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted,
DeJuan Kea
In Propria Persona,

DeJuan Kea
1074 W. Taylor St.
Suite 302
Chicago, IL 60608
(312) 857-5521
EMAIL: keadejuan@yahoo.com

DATE: April 24, 2026